**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD MCCLURE,** | § | |
| | § | |
| **V.** | § | **A-07-CA–206 LY** |
| | § | |
| **R.T. LUNA, WARDEN,** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Richard McClure's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on May 2, 2005 (Clerk's Doc. No. 1).

## I.  BACKGROUND

Petitioner pled guilty to a four-count indictment on October 26, 2001, to: (1) possession with intent to distribute 5 grams or more of methamphetamine; (2) conspiracy to possess with intent to distribute 5 grams or more of methamphetamine; (3) aiding and abetting the manufacture of 5 grams or more of methamphetamine; and (4) conspiracy to manufacture 5 grams or more of methamphetamine.  He was sentenced to 120 months in prison.  Petitioner's sentence was affirmed on direct appeal in 2003, *United States v. McClure*, 78 Fed. App'x 427 (5th Cir. 2003).  He then filed a § 2255 Motion in the Southern District of Texas raising the following claims: (1) the lab improperly calculated the quantity of the methamphetamine for which he was held accountable and on which he was sentenced under the federal sentencing guidelines; and (2) his counsel was ineffective.  As the district court noted in its Order on his § 2255 Motion, "McClure's counsel raised many of the same arguments in objecting to the Presentence Report, all of which the court resolved against McClure."  The district court denied Petitioner's § 2255 Motion in March 2005.

## II. ANALYSIS

Petitioner files the instant case pursuant to 28 U.S.C. § 2241, once again arguing that the sentencing court erroneously calculated the amount of methamphetamine involved in his offense. He also attempts to squeeze in this same argument under an "actual innocence" rubric: that he is innocent of the crime for which he was charged because the amount of methamphetamine he was charged with was erroneous. The Court finds that Petitioner's claims are outside the scope of 28 U.S.C. § 2241.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.* A motion under 28 U.S.C. § 2255, by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id*. A § 2255 motion must be filed in the court that sentenced the defendant. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

Because Petitioner has not received prior authorization from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion, this Court lacks jurisdiction to construe his motion under § 2255. *See* 28 U.S.C. §§ 2244, 2255; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.

1999).[1]   Petitioner has only alleged errors that occurred during or before his sentencing and, therefore, his claims are outside the proper scope of a § 2241 motion and should be dismissed.

Petitioner has also failed to demonstrate that his case falls within the so-called "savings clause" provision in 28 U.S.C. § 2255.  This provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).  "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5 th Cir. 2001).  In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause.  First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904.  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.*  The first prong of this test "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting

---

[1]Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing.  28 U.S.C. §§ 2244, 2255. *See also, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (noting that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one").

*Reyes-Requena*, 243 F.3d at 903-04).  "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

Petitioner has failed to point to "a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense."  "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)).  Petitioner's claims regarding the weight of the methamphetamine involved in his case have no effect on whether the facts in his case would support a conviction for the substantive offenses for which he was convicted.

Accordingly, Petitioner has failed to demonstrate that he is entitled to assert his claims under the savings clause of § 2255.  Thus, Petitioner's claims are outside the proper scope of a § 2241 motion and must be dismissed.  If Petitioner wishes to pursue his § 2255 claims, he must obtain permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 petition in the Southern District of Texas .

### III.   RECOMMENDATION

Based upon the foregoing, the Court **RECOMMENDS** that the District Court **DISMISS** Petitioner Richard McClure's Writ of Habeas Corpus under 28 U.S.C. § 2241.  The Court **FURTHER RECOMMENDS** that the District Court bar Petitioner from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2255 until he has received permission from the Fifth Circuit Court of Appeals to file such

claims in a successive § 2255 motion.  Lastly, the Court **RECOMMENDS** that the District Court include within its judgment a provision expressly and specifically warning Petitioner that filing or pursuing any further claims which must be brought under § 2255 without first receiving permission from the Fifth Circuit may result in the imposition of sanctions.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of April, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE